

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ASHOK ARORA, )
)
    Plaintiff, )
)
v. ) 17CV6851
) JUDGE GUZMAN
) MAG. JUDGE MARTIN
Portfolio Recovery Associates, LLC )
)
    Defendant )

## COMPLAINT

**FILED**
SEP 22 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### INTRODUCTION

1. Plaintiff, Ashok Arora, brings this individual action against defendant Portfolio Recovery Associates, LLC ("PRA") for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. Defendant PRA called plaintiff's cellular phone without his prior express consent, using an automatic telephone dialing system or an artificial or prerecorded voice, in violation of Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction under 28 U.S.C. §1331 and 47 U.S.C. §227 *MIMS v. ARROW FINANCIAL SERVICES, LLC* (10-1195).

4. The venue and personal jurisdiction are proper, as:

    (A) Plaintiff resides in the Northern District of Illinois,

(B) Defendant PRA is a corporation that conducts business in the state of Illinois and in this district via telephone.

(C) Defendant PRA has sufficient contacts in this district as evidenced by the significant number of lawsuits filed by it against individuals in Cook County Courts and the lawsuits filed against it in this Court.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Defendant PRA is incorporated in the state of Delaware with its headquarters located at 120 Corporate Blvd, Norfolk, VA 23502.

7. Defendant PRA does business in Illinois and its registered agent in Illinois is Illinois Corporation Service Co, 801 Adlai Stevenson Dr, Springfield, IL 62703.

8. Defendant PRA is licensed as a collection agency in Illinois with license number 017021124.

9. Defendant PRA is a "debt collector" as defined in 15 U.S.C. §1692a.

## FACTS

10. Plaintiff is a subscriber and user of the cell phone service with telephone number ending in 3846 ("3846 cell phone").

11. During the years 2013 through 2015, plaintiff received at least 10 calls on his 3846 cell phone from the following telephone numbers which have been identified as the telephone numbers used by defendant PRA:

(A) 800-772-1413

(B) 757-251-0484

2

      (C)   757-512-5018

      (D)   757-963-7007

      (E)   620-860-1566

      (F)   866-423-5021

12. On April 7, 2015, plaintiff picked up an incoming call from telephone number 866-423-5021. The caller asked for Elizabeth Adams. Plaintiff asked the caller his name and his business name. The caller stated his name was Preston and that he was calling from Portfolio Recovery Associates. Plaintiff informed the caller that he had called a wrong number. The caller then commented that all that was not necessary – possibly implying that asking his name and business name was unwarranted – and hung up.

13. Calls by defendant PRA to plaintiff's cell phone were wrong number calls. PRA did not have plaintiff's consent to call his cell phone using an Automatic Telephone Dialing System ("ATDS") as defined under TCPA.

14. On at least two of the calls that plaintiff had picked up, there was a period of "dead air" silence before a person came on the line.

15. On one other call, a blank "dead air" message was left in the plaintiff's 3846 cell phone voicemail, likely caused by malfunction in the voicemail detection function of the automatic or predictive dialer.

16. PRA uses at least one predictive dialer manufactured by Avaya to place calls to consumers.

17. Predictive dialers have been ruled an ATDS for TCPA purpose by the FCC as well as by the Courts in numerous rulings on TCPA cases.

18. On April 25, 2016, defendant PRA entered into a Stipulation and Agreement to settle a multi-district TCPA class action against it (*IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION 3:11-MD-02295*). The class action settlement was given final approval by the Federal District Court of Southern District of California on January 25, 2017.

19. Plaintiff requested exclusion from the aforementioned class action settlement by mailing a letter requesting exclusion on March 1, 2016 to: *In re Portfolio Recovery MDL TCPA Settlement P.O. Box 43421 Providence, RI 02940-3421*. Plaintiff's name appears among the persons identified by the court in its final order as those excluded from the class and class settlement (3:11-MD-02295 Dkt 494, Exhibit A).

20. Plaintiff began receiving wrong number calls from collection agencies on his 3846 cell phone in the year 2010. Over the years, plaintiff has informed many callers they were calling a wrong number, but to no avail. The wrong number calls from collection agencies have continued to present year.

21. Calls from different collection agencies appear to be coordinated suggesting a common sponsorship or a common source -such as a call center.

22. Persistent calls from collection agencies over the years have been a source of great mental anguish impacting plaintiff's physical health, emotional health, sense of privacy, sense of security, enjoyment of life, and his ability to work.

### COUNT ONE: TCPA VIOLATION

23. Plaintiff incorporates preceding paragraphs 1 through 22 here.

24. On information and belief that defendant PRA had used an ATDS to place calls to plaintiff's cell phone number ending in 3846, defendant PRA violated TCPA 47 U.S.C. §227(b)(1)(A)(iii), which states:

> **(b) Restrictions on use of automated telephone equipment**
> **(1) Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automated telephone dialing system or an artificial or prerecorded voice
>> ….
>> (iii) To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call….

25. Furthermore, on information and belief that PRA was aware that 3846 cell number was reported as wrong number for Elizabeth Adams, PRA willfully and knowingly violated TCPA 47 U.S.C. §227(b)(1)(A)(iii).

26. Violations of the TCPA are actionable, even if they are only negligent.

27. Those who violate 47 U.S.C. §227 are liable under 47 U.S.C. §227(b)(3):

> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that state –**
>> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

    (C)    both such actions.

**If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

WHEREFORE, plaintiff respectfully seeks judgment in favor of himself, awarding:

(A)    Statutory damages of $500 to $1500 per violation under the TCPA,

(B)    Actual damages that are in excess of statutory damages,

(C)    Costs of litigation and attorney's fees,

(D)    An injunctive prohibiting defendant from future violations of the TCPA with respect to plaintiff, and

(E)    All other proper relief.

Respectfully Submitted,

*/s/ Ashok Arora*

Ashok Arora, Pro Se
869 E Schaumburg Rd 217
Schaumburg, IL 60194
Tel: 224-622-3846